UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Yuanyun Acoustic Technology Co. Ltd.; Zhijiang Wuhe electronic Technology Co., Ltd.; Huangshi Caique Department Store Co., Ltd.; Xiamen Zhongda Qihang Technology Co., Ltd.; Shenzhen Jiupengchuangxing E-Commerce Co., Ltd.; Shenzhen Defeier Trade Co., Ltd.; Shenzhen Minghuo Innovation Technology Co., Ltd.; Dongguan Yixingang E-Commerce Co., Ltd.; Dongguan Yangjiahong E-Commerce Co., Ltd.; Qianjiang Xinru Printing Co., Ltd.; Shenzhen Qunying Weiye Trading Co., Ltd.<br><br>*Plaintiffs*,<br><br>v.<br><br>Waters Industries, Inc.<br><br>*Defendant*. | **CASE NO.** 1:24-cv-5548<br><br>**Jury Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiffs Shenzhen Yuanyun Acoustic Technology Co. Ltd, d/b/a Yuanyun- us ("Yuanyun- us"), Zhijiang Wuhe electronic Technology Co., Ltd., d/b/a Masere ("Masere"), Huangshi Caique Department Store Co., Ltd., d/b/a BGBIUS ("BGBIUS"), Xiamen Zhongda Qihang Technology Co., Ltd., d/b/a wewoo ("wewoo"), Shenzhen Jiupengchuangxing E-Commerce Co., Ltd., d/b/a JPCX-US ("JPCX-US"), Shenzhen Defeier Trade Co., Ltd., d/b/a DFRER-US ("DFRER-US"), Shenzhen Minghuo Innovation Technology Co., Ltd, d/b/a MingMalls ("MingMalls"), Dongguan Yixingang E-Commerce Co., Ltd, d/b/a Sallyshop ("Sallyshop"), Dongguan Yangjiahong E-Commerce Co., Ltd, d/b/a Nicechinaseller ("Nicechinaseller"), Qianjiang Xinru Printing Co., Ltd., d/b/a Marico Walkley ("Marico Walkley"), Shenzhen Qunying Weiye Trading Co., Ltd., d/b/a HomeSupplier

1

("HomeSupplier") (collectively as "Plaintiffs"), against Defendant Waters Industries, Inc ("Waters," or "Defendant"), claiming for patent non-infringement of certain Lighted Hats, as defined herein ("Lighted Hats"), and invalidity against U.S. Patent No. 11,478,035 ("'035 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

## INTRODUCTION

1. Plaintiffs received several Notifications from Amazon.com since May 9, 2024, stating that Plaintiffs' Lighted Hats were removed because of alleging infringement of the '035 Patent. Amazon also notified Plaintiffs that it needs a court order stating that Plaintiffs are allowed to sell the removed products to reactivate their listings. Defendant's objectively baseless infringement complaint to Amazon has caused and continues to cause significant harm to Plaintiffs as the Lighted Hats have been removed from Amazon and Plaintiffs will lose all associated good will in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as the Plaintiffs' Lighted Hats do not meet each and every limitation of any claim under the '035 Patent. Furthermore, the '035 Patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## NATURE OF THE ACTION

2. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continues to cause significant harm to Plaintiffs as the Lighted Hats have been removed from Amazon through the enforcement of the '035 Patent.

3. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's U.S. Patent No. 11,478,035 is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

**PARTIES**

4. Plaintiff Yuanyun- us is a foreign company organized under the laws of the People's Republic of China. Yuanyun- us sells Lighted Hats on Amazon under the name "Yuanyun- us."

5. Plaintiff Masere is a foreign company organized under the laws of the People's Republic of China. Masere sells Lighted Hats on Amazon under the name "Masere."

6. Plaintiff BGBIUS is a foreign company organized under the laws of the People's Republic of China. BGBIUS sells Lighted Hats on Amazon under the name "BGBIUS."

7. Plaintiff wewoo is a foreign company organized under the laws of the People's Republic of China. wewoo sells Lighted Hats on Amazon under the name "wewoo."

8. Plaintiff JPCX-US is a foreign company organized under the laws of the People's Republic of China. JPCX-US sells Lighted Hats on Amazon under the name "JPCX-US."

9. Plaintiff DFRER-US is a foreign company organized under the laws of the People's Republic of China. DFRER-US sells Lighted Hats on Amazon under the name "DFRER-US."

10. Plaintiff MingMalls is a foreign company organized under the laws of the People's Republic of China. MingMalls sells Lighted Hats on Amazon under the name "MingMalls."

11. Plaintiff Sallyshop is a foreign company organized under the laws of the People's Republic of China. Sallyshop sells Lighted Hats on Amazon under the name "Sallyshop."

12. Plaintiff Nicechinaseller is a foreign company organized under the laws of the People's Republic of China. Nicechinaseller sells Lighted Hats on Amazon under the name "Nicechinaseller."

13. Plaintiff Marico Walkley is a foreign company organized under the laws of the People's Republic of China. Marico Walkley sells Lighted Hats on Amazon under the name "Marico Walkley."

14. Plaintiff HomeSupplier is a foreign company organized under the laws of the People's Republic of China. HomeSupplier sells Lighted Hats on Amazon under the name "HomeSupplier."

15. Upon information and belief, Defendant is a company organized in Illinois. Upon information and belief, Defendant is located at 213 West Main Street, West Dundee, Illinois 60118. Upon information and belief, Defendant is the owner of the '035 Patent by assignment.

16. Upon information and belief, Defendant sells products as least through the website, https://panthervision.com/.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

18. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiffs as the Lighted Hats have been removed from Amazon through the enforcement of the '035 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

19. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant located in this District and directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce store.

20. Furthermore, Personal jurisdiction exists in this Court over Defendant as it is domiciled in this judicial district.

## THE PLAINTIFFS' LIGHTED HATS

21. Yuanyun- us sells the Lighted Hats on Amazon under the storefront Yuanyun- us which has earned a lifetime rating of 4.8 out of 5 stars. Its Lighted Hats listings at issue are identified by ASIN Nos. B0CP7YGKPH and B0CBPQN15V.

22. On May 18, 2024, Yuanyun- us received a notification from Amazon. *See* Exhibit A. This notice informed Yuanyun- us that Amazon removed its listings, ASIN No. B0CP7YGKPH, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is Josh@panthervision.com. *Id*. Yuanyun- us's product (ASIN No. B0CBPQN15V) was also removed by Amazon because of Defendant's infringement complaint.

23. Masere sells the Lighted Hats on Amazon under the storefront Masere which has earned a lifetime rating of 5 out of 5 stars. The Masere's Lighted Hats listings at issue are identified by ASIN Nos. B0CGJD5QYK, B0CGJ28XWX and B0CGJCD3DB.

24. On May 15, 2024, Masere received a notification from Amazon. *See* Exhibit B. This notice informed Masere that Amazon removed Masere's listings, ASIN Nos. B0CGJD5QYK, B0CGJ28XWX and B0CGJCD3DB, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is Josh@panthervision.com. *Id*.

25. BGBIUS sells the Lighted Hats on Amazon under the storefront BGBIUS which has earned a lifetime rating of 5 out of 5 stars. The BGBIUS's Lighted Hats listing at issue is identified by ASIN No. B0CGJCD3DB.

26. On May 15, 2024, BGBIUS received a notification from Amazon. *See* Exhibit C. This notice informed BGBIUS that Amazon removed BGBIUS's listing, ASIN No. B0CGJCD3DB, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is Josh@panthervision.com. *Id*.

27. wewoo sells the Lighted Hats on Amazon under the storefront wewoo which has earned a lifetime rating of 4.9 out of 5 stars. The wewoo's Lighted Hats listing at issue are identified by ASIN Nos. B0CHFBG59G, B0CHHZ85C2, B0CHHYHWVH, and B0CP61SW46.

28. On May 9, 2024, wewoo received a notification from Amazon. *See* Exhibit D. This notice informed wewoo that Amazon removed wewoo's listing, ASIN No. B0CHFBG59G, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is Josh@panthervision.com. *Id*. wewoo's products (ASIN Nos. B0CHHZ85C2, B0CHHYHWVH, and B0CP61SW46) were also removed by Amazon because of Defendant's infringement complaint.

29. JPCX-US sells the Lighted Hats on Amazon under the storefront JPCX-US which has earned a lifetime rating of 4.9 out of 5 stars. The JPCX-US's Lighted Hats listing at issue is identified by ASIN No. B0B6BD8ZPL.

30. On May 18, 2024, JPCX-US received a notification from Amazon. *See* Exhibit E. This notice informed JPCX-US that Amazon removed JPCX-US's listing, ASIN No. B0B6BD8ZPL, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is Josh@panthervision.com. *Id*.

31. DFRER-US sells the Lighted Hats on Amazon under the storefront DFRER-US which has earned a lifetime rating of 4.9 out of 5 stars. The DFRER-US's Lighted Hats listings at issue are identified by ASIN Nos. B09QM81XRL and B0C81J3G91.

32. On June 25, 2024, DFRER-US received a notification from Amazon. *See* Exhibit F. This notice informed DFRER-US that Amazon removed DFRER-US's listing, ASIN No. B09QM81XRL, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is Josh@panthervision.com. *Id*. ZEFAN-US's product (ASIN No. B0C81J3G91) was also removed by Amazon because of Defendant's infringement complaint.

33. MingMalls sells the Lighted Hats on Amazon under the storefront MingMalls which has earned a lifetime rating of 4.8 out of 5 stars. The MingMalls' Lighted Hats listings at issue are identified by ASIN Nos. B08QVNNSDP, B08QTVXRM8, B08QVNJX9X, B08QVHDK1V, B08QVHRJ66, and B08QTX9892.

34. On May 23, 2024, MingMalls received a notification from Amazon. *See* Exhibit G. This notice informed MingMalls that Amazon removed MingMalls' listings, ASIN Nos. B08QVNNSDP, B08QTVXRM8, B08QVNJX9X, B08QVHDK1V, B08QVHRJ66, and B08QTX9892, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is Josh@panthervision.com. *Id*.

35. Sallyshop sells the Lighted Hats on Amazon under the storefront Sallyshop which has earned a lifetime rating of 4.8 out of 5 stars. The Sallyshop's Lighted Hats listing at issue is identified by ASIN No. B08QVJLNNT.

36. On May 9, 2024, Sallyshop received a notification from Amazon. *See* Exhibit H. This notice informed Sallyshop that Amazon removed Sallyshop's listing, ASIN No. B08QVJLNNT, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is [Josh@panthervision.com](Josh@panthervision.com). *Id*.

37. Nicechinaseller sells the Lighted Hats on Amazon under the storefront Nicechinaseller which has earned a lifetime rating of 4.8 out of 5 stars. The Nicechinaseller's Lighted Hats listings at issue are identified by ASIN Nos. B08QVNNSDP, B08QTVXRM8 and B08QVNJX9X.

38. On May 23, 2024, Nicechinaseller received a notification from Amazon. *See* Exhibit I. This notice informed Nicechinaseller that Amazon removed Nicechinaseller's listings, ASIN Nos. B08QVNNSDP, B08QTVXRM8 and B08QVNJX9X, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is [Josh@panthervision.com](Josh@panthervision.com). *Id*.

39. Marico Walkley sells the Lighted Hats on Amazon under the storefront Marico Walkley which has earned a lifetime rating of 4.7 out of 5 stars. The Marico Walkley's Lighted Hats listing at issue is identified by ASIN No. B08J3Z9XQ3.

40. On May 23, 2024, Marico Walkley received a notification from Amazon. *See* Exhibit J. This notice informed Marico Walkley that Amazon removed Marico Walkley's listing, ASIN No. B08J3Z9XQ3, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is [Josh@panthervision.com](Josh@panthervision.com). *Id*.

41. HomeSupplier sells the Lighted Hats on Amazon under the storefront HomeSupplier which has earned a lifetime rating of 4.8 out of 5 stars. The HomeSupplier's Lighted Hats listings at issue are identified by ASIN Nos. B08QV4NM3D, B08QTT81F6, B08QTR821V, B08QTWJQ4T, B08QTTHHW6, B08QVK4Q8T and B08QV4D52Q.

42. On May 18, 2024, HomeSupplier received a notification from Amazon. *See* Exhibit K. This notice informed HomeSupplier that Amazon removed HomeSupplier's listings, ASIN Nos. B08QV4NM3D, B08QTT81F6, B08QTR821V, B08QTWJQ4T, B08QTTHHW6, B08QVK4Q8T and B08QV4D52Q, because of Defendant's alleged infringement of the '035 Patent. Amazon also provided the Rights owner's name as PANTHER VISION and its email address is Josh@panthervision.com. *Id*.

43. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Lighted Hats, Plaintiffs need their products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Lighted Hats from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant' infringement reports. Thus, Defendant's submission of Amazon infringement reports has caused and continues to cause immediate and irreparable harm to Plaintiffs.

## U.S. PATENT NO. 11,478,035

44. The face of the '035 Patent lists Michael Waters as the applicant and inventor of patent. *See* Exhibit L.

45. On August 5, 2023, the '035 Patent was assigned to Waters. *See* Exhibit M.

46. The '035 Patent is entitled "Lighted Headgear and Accessories Therefor" and generally discloses "Lighted headgear are provided that include removable self-contained light modules. The self-contained light modules can include a housing that contains one or more light

9

sources and a rechargeable power source. The housing may include a protruding engagement portion for removably securing the self-contained light module to a cap portion of the lighted headgear." Exhibit L, at Abstract.

47. The '035 Patent was issued on October 25, 2022. The '035 Patent has a sole independent claim and five dependent claims, each claiming lighted headgear.

## COUNT I
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '035 PATENT)

48. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

49. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the non-infringement of the '035 Patent by the Lighted Hats, as evidenced by Defendant' allegations of infringement on Amazon, as set forth above.

50. Plaintiffs' Lighted Hats do not infringe any of the presumably valid claims of the '035 Patent, as the Lighted Hats fail to meet one or more elements of sole independent claim 1 of the '035 Patent.

51. For example, the '035 Patent claims "the self-contained light module is slidable in the first direction to form a friction-fit engagement between the housing and the cap to secure the self-contained light module to the cap, and is slidable in a second direction opposite the first direction to remove the self-contained light module from the cap, wherein the self-contained light module is removably securable to the cap in a first forward-facing orientation, and is removably securable to the cap in a second forward-facing orientation that is rotated 180 degrees from the first forward-facing orientation." *See* Exhibit L, p. 82. However, Plaintiffs' Lighted Hats are designed for brimless hats and their light module is not slidable to form a friction-fit engagement. Plaintiffs' Lighted Hats are equipped with an elastic rubber ring, which needs to be stretched when

10

installing the light module and is used to apply radial force to secure the light module. There is no sliding that results in a friction-fit engagement to secure the Plaintiffs' Lighted Hats' light module to the brimless hat. *See* Non-Infringement Chart, Exhibit N.

52. Thus, among other things, Plaintiffs' Lighted Hats have entirely different structure and do not meet the limitation of the sole independent Claim 1 of the '035 Patent.

53. Likewise, since the sole independent claim 1 is not infringed, neither are dependent claims 2-6. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

54. Defendant's baseless infringement reports on the Amazon platform has caused imminent and real threat of an infringement lawsuit.

55. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that the Lighted Hats do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '035 Patent.

## COUNT II
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '035 PATENT)

56. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

57. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '035 Patent, as evidenced by Defendant' allegations of infringement on Amazon, as set forth above.

58. Claims 1-6 of the '035 Patent are invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

59. U.S. Patent No. 7,163,309 is entitled "Clip type light emitter" to Dae ("Dae"). Dae was filed on June 23, 2006, and was issued on January 16, 2007. A copy of Dae is attached as Exhibit O.

60. U.S. Patent No. 7,427,149 is entitled "Clip type light detachably coupled with cap" to Sohn ("Sohn"). Sohn was filed on January 8, 2007, and issued on September 23, 2008. A copy of Sohn is attached as Exhibit P.

61. U.S. Patent No. 5,541,816 is entitled "Clip light source" to Nicholas ("Nicholas"). Nicholas was filed on June 7, 1995, and issued on July 30, 1996. A copy of Nicholas is attached as Exhibit Q.

62. For example, claims 1-6 are rendered obvious by Dae (with citations in the corresponding reference below):

   a. Dae discloses a cap [Exhibit O, FIG 2];

   b. Dae discloses such a self-contained light module removably securable to the cap the self-contained light module including a housing having a plurality of light sources and a power source disposed within the housing. [Exhibit O, at 1:58-67];

   c. Dae discloses the self-contained light module is slidable in a first direction to form a friction-fit engagement between the housing and the cap to secure the self-contained light module to the cap, and is slidable in a second direction opposite the first direction to remove the self-contained light module from the cap [Exhibit O, at 2:20-46; FIG.1 and FIG. 2];

   d. Dae discloses the self-contained light module (light emitter 20) is removably securable to the cap (cap 10) in a first forward-facing orientation, and is removably securable to the cap in a second forward-facing orientation that is rotated 180

    degrees from the first forward-facing orientation [Exhibit O, at 2:30-46]. A person of ordinary skill in the art would understand from Dae's text and drawings that the clip type light emitter 20 can clearly be inverted (180 degrees) and then slid into the brim of the hat [Exhibit O, at 5:13-19]; and

  e. Dae discloses the housing (casing 22) includes opposite first and second cap-engaging walls each configured for engagement with the cap when the self-contained light module is secured to the cap. It is clearly visible/implied from the structures in figures 1 and 2 that the lower side surface of Dae's clip 28 and the upper side surface of the casing 22 form two opposing walls, which engage with the visor 12 when the light emitter 20 is slid and clamped onto the visor [Exhibit O, FIG. 1-2].

  f. Dae discloses the housing (casing 22) is configured to form the friction-fit engagement in both of the first and second forward-facing orientations. A person of ordinary skill in the art would understand from Dae's text and drawings that the clip type light emitter 20 can clearly be inverted and then slid into the brim of the hat. On one hand, this is an unequivocal conclusion derived from Dae's text and drawings, and on the other hand, this operation also allows the switch to be positioned either above or below the brim/visor 12 [Exhibit O, at 2:35-50].

  g. Dae discloses the self-contained light module includes a pushbutton (switch part 26) switch configured to control power to the plurality of light sources from the rechargeable power source.

  h. A person of ordinary skill in the art would understand from Dae's text and drawings that, to ensure the casing 22 is securely mounted onto the brim, it is

obvious to make the opposite first and second cap-engaging walls of the housing include a protruding engagement portion that forms the friction-fit engagement with the cap, such as by adding a barb structure or making the surface rough.

    i. Dae discloses the first and second cap-engaging walls extend along a cavity of the housing [Exhibit O, FIG. 1].

    j. Dae discloses claim 6. A person of ordinary skill in the art would understand that when the light emitter 20 is mounted onto the brim, as the free end of the clip 28 is lifted, the portion between the lower surface of the clip 28 and the upper side surface of the casing 22 will form a larger cavity to accommodate the brim. Meanwhile, the first and second cap-engaging walls (the two surfaces) will extend along a cavity of the housing. Additionally, with the inversion of the light emitter 20, the lower surface of the clip 28 and the upper side surface of the casing 22 will respectively engage with different surfaces of the brim/visor.

63. As another example, claims 1-6 are rendered obvious by Sohn and in view of Nicholas (with citations in the corresponding reference below):

    a. Sohn discloses such a cap [Exhibit P, FIG. 4];

    b. Sohn discloses such a self-contained light module (light 100) removably securable to the cap, the self-contained light module including a housing (body 110) having a plurality of light sources and a rechargeable power source disposed within the housing. Sohn states that: "The connection jack 160 may be connected to an external power source to charge the battery accommodated in the body 110." [Exhibit P, at 4:65-67];

c. Sohn discloses the self-contained light module is slidable in a first direction to form a friction-fit engagement between the housing and the cap to secure the self-contained light module to the cap, and is slidable in a second direction opposite the first direction to remove the self-contained light module from the cap [Exhibit P, at column 4-6; FIG.2-10];

d. Sohn discloses the self-contained light module (clip type light 100) is removably securable to the cap (cap visor 300) in a first forward-facing orientation, and is removably securable to the cap in a second forward-facing orientation that is rotated 180 degrees from the first forward-facing orientation;

e. Nicholas discloses opposite first and second cap-engaging walls (first prong 50a and second prong 50b of the clip 50) each configured for engagement with the cap (24) when the self-contained light module is secured to the cap (20), by Stating that :"Clip 50, preferably having generally a U or V-shape, is generally made of plastic or metal, and constructed so that first prong 50a and second prong 50b are biased towards each other to permit device 10 to be releasable and securely mounted on the front of brim 24 of hat 20 as shown in FIG. 1." [Exhibit Q, at 3:43-48; FIG. 1-3];

f. Sohn discloses the housing (body 110) is configured to form the friction-fit engagement in both the first and second forward-facing orientations. A person of ordinary skill in the art would understand from Sohn's text and drawings that the clip type light 100 can clearly be inverted and then slid into the brim of the hat. On one hand, this is an unequivocal conclusion derived from Sohn's text and

        drawings, and on the other hand, this operation also allows the switch to be positioned either above or below the brim/visor 300;

g. Sohn discloses the self-contained light module includes a pushbutton (switch 140) switch configured to control power to the plurality of light sources from the rechargeable power source;

h. Sohn discloses the housing includes a protruding engagement portion [clips] that forms the friction-fit engagement with the cap [Exhibit P, FIG. 8-10];

i. Sohn discloses the first and second cap-engaging walls extend along a cavity of the housing [Exhibit P, FIG. 10];

j. Sohn discloses the claim 6 in the view of the Nicholas. Considering Nicholas's teachings, when applying Nicholas's first prong 50a and second prong 50b to Sohn, a cavity will be created to receive the hat brim. In this scenario, the respective opposing surfaces of the first prong 50a and second prong 50b will extend along this cavity. Simultaneously, the respective surfaces of Nicholas's first prong 50a and second prong 50b, when the clip type light 100 is inverted (180 degrees), will come into engage with either the top surface or the bottom surface of the cap visor 300.

64. The claim 1 of the '035 Patent is also invalid pursuant to 35 U.S.C. § 112, because the terms "rechargeable" and "opposite first and second cap-engaging walls" lacks written description and the claimed "self-contained" is indefinite.

65. Plaintiffs seek a declaratory judgment that claims 1-6 of the '035 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior arts.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Declaring that Plaintiffs' Lighted Hats do not infringe any of the claims of the '035 Patent;

B. Declaring that the claims of the '035 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior arts;

C. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiffs' Lighted Hats based on the '035 Patent, and to refrain from lodging any further infringement complaints regarding the same;

D. A finding that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages;

H. Awarding pre- and post- judgment interest; and

I. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial on all issues so triable.

| Date: July 1, 2024 | /s/ Wei Wang |
|---|---|
| | Wei Wang, Esq.<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, NY 10010<br>wei.wang@glacier.law<br>332-777-7315<br><br>Tao Liu, Esq.<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, NY 10010<br>Tao.liu@glacier.law<br>***Attorney for Plaintiffs*** |