**Non-Infringement Claim Chart - U.S. Patent. No. 11,478,035 patent**

**An exemplar of the Accused Products**

| **Claims 1-6 of the '035 Patent** | |
|---|---|
| **1.** [a] Lighted headgear comprising: | The preamble is generally not limiting. Even so, while the Plaintiffs' Lighted Hats is a beanie, it is not comprised of all of the necessary limitations as shown below. |
| [b] a cap configured to be worn by a user; and | The '035 Patent claims a design for a "cap" which is "a hat with a brim," and Plaintiffs' Lighted Hats do not meet the limitation "cap" because Plaintiffs' Lighted Hats are a type of hat without a brim. |
| [c] a self-contained light module removably securable to the cap, the self-contained light module including a housing having a plurality of light sources and a rechargeable power source disposed within the housing; | At least because the term "self-contained" is, and the term "rechargeable" lacks written description and/or enablement, Plaintiffs' Lighted Hats do not meet these limitations. |
| [d] wherein the self-contained light module is slidable in a first direction to form a friction-fit engagement between the housing and the cap to secure the self-contained light module to the cap, and is slidable in a second direction | Plaintiffs' Lighted Hats do not identify/meet the claim limitations here, specifically, Plaintiffs' Lighted Hats do not identify/meet the terms "slidable", "friction-fit engagement" and other limitations. This can be illustrated in the following aspects:<br><br>● **Plaintiffs' Lighted Hats' light module's mainly** |

| | |
|---|---|
| opposite the first direction to remove the self-contained light module from the cap, wherein the self-contained light module is removably securable to the cap in a first forward-facing orientation, and is removably securable to the cap in a second forward-facing orientation that is rotated 180 degrees from the first forward-facing orientation, | **comprising**<br><br>A flat substantially ellipse coupling boss (with a nearly ellipse smooth coupling surface around it for elastic engagement with a brimless hat) and a ellipse bezel surrounding the boss. *See* Plaintiffs' Lighted Hats picture below：<br><br><br><br><br>● **Plaintiffs' Lighted Hats' light module is designed to engage a brimless hat**<br><br>The brimless hat (beanie) is equipped with a substantially elliptical elastic rubber ring with a smooth inner surface. The major and minor axes (l1, l2) of the elastic rubber ring are slightly smaller than the major and minor axes (L1, L2) of the coupling boss (or coupling surface) of the light module, respectively. *See* Plaintiffs' Lighted Hats pictures below: |





- **Installation Process**

When installing Plaintiffs' Lighted Hats' light module onto the brimless hat, the user needs to stretch the elastic rubber ring to increase its average inner diameter enough to accommodate the coupling boss. After placing the boss inside the rubber ring, the user releases the ring, which tends to return to its original size. This way, the elastic rubber ring (specifically its inner surface) applies radial force to the ellipse coupling surface of the boss, clamping Plaintiffs' Lighted Hats' light module onto the brimless hat. Then the bezel on the outer ring of the light module rests against the back of the elastic rubber ring to prevent the light module from falling out. And when the brimless hat is worn on the user's head, the

| | |
|---|---|
| | pressure from the user's head further ensures that the light module remains securely attached without falling off or becoming loose. *See* Plaintiffs' Lighted Hats pictures below:       |

simulated human head

- **Lack of relative sliding**

Due to the major and minor axes (l1, l2) of the elastic rubber ring are slightly smaller than the major and minor axes (L1, L2) of the coupling boss (or coupling surface) of the light module, respectively, there can be no relative sliding between Plaintiffs' Lighted Hats' light module and the brimless hat during installation, engagement, or removal, let alone the coupling boss providing a mouth-like structure for the brimless hat to slide within. More notably, during the installation process, when the rubber ring is stretched, a noticeable void forms between the stretched part of the rubber ring and the light module's coupling boss. This further makes it impossible to achieve a tight friction-fit engagement between the light module and the hat (rubber ring) as described in claim 1.

Therefore, there is no sliding that results in a friction-fit engagement to secure the Plaintiffs' Lighted Hats' light module to the brimless hat. And when removing the light module, the user still needs to stretch the elastic rubber ring to release the module. Both the installation and removal processes require the user to manually stretch the elastic rubber ring to increase its inner diameter, and do not involve sliding in a first direction and then in an opposite direction. *See* Plaintiffs' Lighted Hats picture below:



- **Importance of smooth contact surfaces**

It is crucial to emphasize that the contact surfaces between Plaintiffs' Lighted Hats' light module and the rubber ring need be smooth. Adding any surface protrusions to increase friction would hinder the installation of Plaintiffs' Lighted Hats' light module onto the brimless hat. This is because Plaintiffs' Lighted Hats' light module relies on the elastic force of the rubber ring for **clamping onto the brimless hat**, which fundamentally differs from the sliding friction-fit engagement required by the '035 patent (e.g., claim 1).

**2. Even more non-infringement under the doctrine of equivalents**

- **Each of Function, Way, and Result Not Being Substantially the Same**

Plaintiffs' Lighted Hats' implementation way, function, and results are substantially different from the limitations in Claim 1. As previously mentioned, Plaintiffs' Lighted Hats uses the elastic force provided by the rubber ring, similar to a **clamping mechanism**, to secure/clamp Plaintiffs' Lighted Hats' light module onto a brimless hat. Given the aforementioned ellipse diameter design dimensions, Plaintiffs' Lighted Hats' light module cannot slide relative to the brimless hat at any position, including the brim. Additionally, to ensure stability, Plaintiffs' Lighted Hats use a bezel to restrict the

| | |
|---|---|
| | position of the light module and rely on the reverse pressure applied by the user's head when wearing the brimless hat to ensure that the light module does not loosen during movement. In contrast, claim 1 or its limitations require the light module to form a mouth-like structure, allowing the hat's brim to slide on its rough surface to create a tight friction-fit engagement, thereby securely mounting the light module on the brim.<br><br>Relevant case law supports the above analysis, *see VLSI Tech. LLC v. Intel Corp.,* 87 F.4th 1332 (Fed. Cir. 2023) ("For infringement under the doctrine of equivalents, each function, way, and result must be substantially the same, with the "way" requirement of particular importance, as a practical matter, in keeping the doctrine properly limited."). |
| [d] wherein the housing includes opposite first and second cap-engaging walls each configured for engagement with the cap when the self-contained light module is secured to the cap. | In Plaintiffs' Lighted Hats, there are no identified "opposite first and second cap-engaging walls each configured for engagement with the cap when the self-contained light module is secured to the cap." As previously mentioned, Plaintiffs' Lighted Hats' light module(housing)'s coupling boss has only a single, substantially ellipse continuous smooth coupling surface around it. Clearly, a single coupling surface cannot achieve a state of being face-to-face and spaced apart with itself; this is a paradox. *See* Plaintiffs' Lighted Hats' picture here:<br><br><br>And the corresponding engaging surface on the brimless |

| | |
|---|---|
| | hat is exactly the smooth inner surface of the elastic rubber ring. The sole coupling surface from the light module and the sole inner surface from the hat engage with each other, and that's all. Due to the substantial differences in these two methods and the differing technical effects achieved, the doctrine of equivalents continues to be inapplicable here. |
| **2.** The lighted headgear of claim 1 wherein the housing is configured to form the friction-fit engagement in both of the first and second forward-facing orientations. | At least due to the reasons that Plaintiffs' Lighted Hats do not infringe Claim 1, Plaintiffs' Lighted Hats continue not to infringe Claim 2, whether literally or under the doctrine of equivalents.<br>As previously mentioned, Plaintiffs' Lighted Hats' "clamping onto" engagement solution is substantially different in function, way, and purpose from the "sliding/slidable friction-fit engagement" solution involved in Claim 2. |
| **3.** The lighted headgear of claim 1 wherein the self-contained light module includes a pushbutton switch configured to control power to the plurality of light sources from the rechargeable power source. | At least due to the reasons that Plaintiffs' Lighted Hats do not infringe Claim 1, Plaintiffs' Lighted Hats continue not to infringe Claim 3, whether literally or under the doctrine of equivalents. |
| **4.** The lighted headgear of claim 1 wherein the opposite first and second cap-engaging walls of the housing comprise a protruding engagement portion that forms the friction-fit engagement with the cap. | At least due to the reasons that Plaintiffs' Lighted Hats do not infringe Claim 1, Plaintiffs' Lighted Hats continue not to infringe Claim 4, whether literally or under the doctrine of equivalents.<br>As previously mentioned, Plaintiffs' Lighted Hats' light module(housing)'s coupling boss has only a single, substantially ellipse continuous smooth coupling surface around it. Clearly, a single coupling surface cannot achieve a state of being face-to-face and spaced apart with itself; this is a paradox. Plaintiffs' Lighted Hats has also not identified the protruding engagement portion that forms the friction-fit engagement here. See Plaintiffs' Lighted Hats' picture here: |

| | |
|---|---|
| |  <br>And the corresponding engaging surface on the brimless hat is exactly the smooth inner surface of the elastic rubber ring. The sole coupling surface from the light module and the sole inner surface from the hat engage with each other, and that's all. Due to the substantial differences in these two methods and the differing technical effects achieved, the doctrine of equivalents continues to be inapplicable here. |
| **5.** The lighted headgear of claim 1 wherein the first and second cap-engaging walls extend along a cavity of the housing. | At least due to the reasons that Plaintiffs' Lighted Hats do not infringe Claim 1, Plaintiffs' Lighted Hats continue not to infringe Claim 5, whether literally or under the doctrine of equivalents.<br>As previously mentioned, Plaintiffs' Lighted Hats' light module's (housing) coupling boss has only a single, substantially ellipse continuous smooth coupling surface around it. Clearly, a single coupling surface cannot achieve a state of being face-to-face and spaced apart with itself; this is a paradox. Plaintiffs' Lighted Hats has also not identified any cavity for the sloe coupling surface to extend. *See* Plaintiffs' Lighted Hats' picture here: |

| | |
|---|---|
| |  <br>And the corresponding engaging surface on the brimless hat is exactly the smooth inner surface of the elastic rubber ring. The sole coupling surface from the light module and the sole inner surface from the hat engage with each other, and that's all. Due to the substantial differences in these two methods and the differing technical effects achieved, the doctrine of equivalents continues to be inapplicable here. |
| **6.** The lighted headgear of claim 1 wherein in the first forward-facing orientation, the first cap-engaging wall engages an upper mounting surface of the cap and the second cap-engaging walls engages a lower mounting surface of the cap, and in the second forward-facing orientation, the first cap-engaging walls engages the lower mounting surface of the cap and the second cap-engaging wall engages the upper mounting surface of the cap. | At least due to the reasons that Plaintiffs' Lighted Hats do not infringe Claim 1, Plaintiffs' Lighted Hats continue not to infringe Claim 6, whether literally or under the doctrine of equivalents.<br>As previously mentioned, Plaintiffs' Lighted Hats' light module's (housing) coupling boss has only a single, substantially ellipse continuous smooth coupling surface around it. Clearly, a single coupling surface cannot achieve a state of being face-to-face and spaced apart with itself; this is a paradox. See Plaintiffs' Lighted Hats' picture here: |



<table>
<tr>
<td></td>
<td>

More notably, in Plaintiffs' Lighted Hats, it is clearly impossible to identify the so-called upper mounting surface and lower mounting surface on the cap/hat for engagement, because in Plaintiffs' Lighted Hats, the only coupling surface on the hat for engaging with the light module (housing) is a single, smooth, continuous inner surface (i.e., the inner surface of the elastic rubber ring). The sole coupling surface from the light module and the sole inner surface from the hat engage with each other, and that's all. Due to the substantial differences in these two methods and the differing technical effects achieved, the doctrine of equivalents continues to be inapplicable here.
</td>
</tr>
</table>